NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| ROBERT P. KASER, | ) | No. C 09-02029 JF (PR) |
| Petitioner, | ) | ORDER TO SHOW CAUSE |
| vs. | ) | |
| ROBERT K. WONG, Warden, | ) | |
| Respondent. | ) | |

Petitioner, a California inmate currently incarcerated at the San Quentin State Prison ("SQSP"), seeks petition in pro se for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging the 2007 denial of parole by the Board of Parole Hearings ("Board"). Petitioner has paid the filing fee. The Court orders Respondent to show cause why the petition should not be granted.

**STATEMENT**

In 1989, Petitioner was sentenced to a term of 21 years to life in state prison after pleading nolo contendere to second degree murder and two counts of assault with a deadly weapon. The Board found Petitioner unsuitable for parole after a parole suitability hearing on March 9, 2007. Petitioner sought habeas relief in the state superior, appellate,

and supreme courts, all of which denied relief.  Petitioner filed the instant federal petition on May 8, 2009.

## DISCUSSION

**A.    Standard of Review**

This Court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a state court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2254(a); Rose v. Hodges, 423 U.S. 19, 21 (1975).

A district court shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto."  28 U.S.C. § 2243.

**B.    Petitioner's Claims**

As grounds for federal habeas relief, Petitioner alleges that the Board's decision denying parole violated his right to due process because the decision was not supported by "some evidence" and is based on the unchangeable facts of the commitment offense. Petitioner also alleges that the Board failed "to state sep[a]rate reason [in imposing a multi-year denial]  as required by law in violation of the state and case law."  (Points and Authorities in Support of Petition at 9.)  Lastly, Petitioner claims that the state court "abused its discretion in denying the writ in that the court found true the conclusion reached by the Board which was in direct contraction [sic] with the evidence" and in so doing "deprived Petitioner of a fair and impartial determination of the facts."  (Id. at 10.) Liberally construed, Petitioner's claims are cognizable under § 2254.  The Court orders Respondent to show cause why the petition for a writ of habeas corpus should not be granted.

## CONCLUSION

1.    The Clerk shall serve by mail a copy of this order and the petition and all attachments thereto upon the Respondent and the Respondent's attorney, the

1 Attorney General of the State of California.  The Clerk shall also serve a copy of this
2 order on the Petitioner.

3     2.    Respondent shall file with the Court and serve on Petitioner, **within sixty**
4 **(60) days** of the date this order is filed, an answer conforming in all respects to Rule 5 of
5 the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus
6 should not be granted.  Respondent shall file with the answer and serve on Petitioner a
7 copy of all portions of the state parole record that have been transcribed previously and
8 that are relevant to a determination of the issues presented by the petition.

9     If Petitioner wishes to respond to the answer, he shall do so by filing a traverse
10 with the Court and serving it on Respondent **within thirty (30) days** of his receipt of the
11 answer.

12     3.    Respondent may file a motion to dismiss on procedural grounds in lieu of
13 an answer, as set forth in the Advisory Committee Notes to Rule 4 of the Rules
14 Governing Section 2254 Cases.  If Respondent files such a motion, Petitioner shall file
15 with the Court and serve on Respondent an opposition or statement of non-opposition
16 **within thirty (30) days** of receipt of the motion, and Respondent shall file with the court
17 and serve on Petitioner a reply **within fifteen (15) days** of receipt of any opposition.

18     4.    It is Petitioner's responsibility to prosecute this case.  Petitioner is reminded
19 that all communications with the Court must be served on respondent by mailing a true
20 copy of the document to Respondent's counsel.  Petitioner must keep the Court and all
21 parties informed of any change of address by filing a separate paper captioned "Notice of
22 Change of Address."  He must comply with the Court's orders in a timely fashion.
23 Failure to do so may result in the dismissal of this action for failure to prosecute pursuant
24 to Federal Rule of Civil Procedure 41(b).

25     IT IS SO ORDERED.

26 DATED: 8/17/09
27     JEREMY FOGEL
    United States District Judge
28

Order to Show Cause
P:\PRO-SE\SJ.JF\HC.09\Kaser02029_osc-parole.wpd     3

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

ROBERT PATRICK KASER,

        Petitioner,

  v.

ROBERT K WONG, Warden,

        Respondent.
                                          /

Case Number: CV09-02029 JF

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on   8/28/09  , I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Robert P. Kaser D41415
San Quentin State Prison
San Quentin, CA 94974

Dated:   8/28/09

                                          Richard W. Wieking, Clerk